UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ELLIS PATILLO, a/k/a "Knuckles," and
RUSSELL JOHNSON, a/k/a "Shoe,"

Defendants.

**SEALED INDICTMENT**

23 Cr.

**23 CRIM 539**

### COUNT ONE
### (Conspiracy to Commit Hobbs Act Robbery)

The Grand Jury charges:

1. On or about September 26, 2021, in the Southern District of New York and elsewhere, ELLIS PATILLO, a/k/a "Knuckles," and RUSSELL JOHNSON, a/k/a "Shoe," the defendants, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, PATILLO and JOHNSON agreed with others to rob a jewelry store in the Bronx, New York.

(Title 18, United States Code, Section 1951.)

### COUNT TWO
### (Hobbs Act Robbery)

The Grand Jury further charges:

2. On or about September 26, 2021, in the Southern District of New York and elsewhere, ELLIS PATILLO, a/k/a "Knuckles," and RUSSELL JOHNSON, a/k/a "Shoe," the defendants, knowingly committed robbery, as that term is defined in Title 18, United States Code,

Section 1951(b)(1), and thereby obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided and abetted the same, to wit, PATILLO and JOHNSON robbed a jewelry store in the Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE
### (Firearms Use, Carrying, and Possession)

The Grand Jury further charges:

3.      On or about September 26, 2021, in the Southern District of New York and elsewhere, ELLIS PATILLO, a/k/a "Knuckles," and RUSSELL JOHNSON, a/k/a "Shoe," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the Hobbs Act robbery charged in Count Two of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm, which was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii), and 2.)

## COUNT FOUR
### (Firearms Trafficking Conspiracy)

The Grand Jury further charges:

4.      From at least in or about 2020, up to and including in or about January 2022, in the Southern District of New York and elsewhere, ELLIS PATILLO, a/k/a "Knuckles," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, trafficking in firearms, in violation of Title 18, United States Code, Section

922(a)(1)(A).

5. It was part and object of the conspiracy that ELLIS PATILLO, a/k/a "Knuckles," the defendant, and others known and unknown, not being licensed importers, licensed manufacturers, or licensed dealers of firearms within the meaning of Chapter 44, Title 18, United State Code, would and did willfully and knowingly engage in the business of dealing in firearms, and in the course of such business would and did ship, transport, and receive firearms in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(a)(1)(A).

Overt Acts

6. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about 2020, ELLIS PATILLO, a/k/a "Knuckles," the defendant, traveled with a co-conspirator ("CC-1") to a particular apartment complex in Richmond, Virginia (the "Apartment Complex"), and exchanged ecstasy pills for three firearms that PATILLO intended to re-sell in the Bronx, New York;

b. Between in or about 2020 and in or about 2021, PATILLO traveled to the Apartment Complex with CC-1 and again exchanged ecstasy pills for one firearm that PATILLO intended to re-sell in the Bronx, New York; and

c. In or about the spring of 2021, PATILLO and CC-1 went to a motel in the Bronx, New York, where PATILLO resold for cash a firearm that was purchased by a straw purchaser in Virginia.

(Title 18, United States Code, Section 371.)

## COUNT FIVE
### (Narcotics Conspiracy)

The Grand Jury further charges:

7.   From at least in or about 2020, up to and including in or about January 2022, in the Southern District of New York and elsewhere, ELLIS PATILLO, a/k/a "Knuckles," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

8.   It was a part and an object of the conspiracy that ELLIS PATILLO, a/k/a "Knuckles," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

9.   The controlled substances that ELLIS PATILLO, a/k/a "Knuckles," the defendant, conspired to distribute and possess with intent to distribute were: (a) 40 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(B); (b) mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C); and (c) mixtures and substances containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

## COUNT SIX
### (Firearms Use, Carrying, and Possession)

The Grand Jury further charges:

10.   From at least in or about 2020, up to and including in or about January 2022, in the

4

Southern District of New York and elsewhere, ELLIS PATILLO, a/k/a "Knuckles," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count Five of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## FORFEITURE ALLEGATION

11. As a result of committing the offenses alleged in Counts One and Two of this Indictment, ELLIS PATILLO, a/k/a "Knuckles," and RUSSELL JOHNSON, a/k/a "Shoe," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

12. As a result of committing the offense alleged in Count Four of this Indictment, ELLIS PATILLO, a/k/a "Knuckles," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in said offense.

13. As a result of committing the offense alleged in Count Five of this Indictment, ELLIS PATILLO, a/k/a "Knuckles," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said

offense, including but limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 924 and 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____  10/20/2023
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney