UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

                        :

UNITED STATES OF AMERICA

                        :     CONSENT PRELIMINARY ORDER

        - v. -                  OF FORFEITURE/

                        :     MONEY JUDGMENT

ELLIS PATILLO,
  a/k/a "Knuckles",             :     23 Cr. 539 (JMF)

            Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

WHEREAS, on or about October 20, 2023, ELLIS PATILLO, a/k/a "Knuckles," (the "Defendant"), was charged in a six-count Indictment, 23 Cr. 539 (JMF) (the "Indictment"), with conspiracy to commit Hobbs Act robbery, in violation of Title 18,United States Code, Section 1951 (Count One); Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Count Two); firearms use, carrying, and possession in furtherance of the Hobbs Act robbery charged in Count Two of the Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii), and 2 (Count Three); firearms trafficking conspiracy, in violation of Title 18, United States Code, Section 371 (Count Four); narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Five); and firearms use, carrying, and possession in furtherance of the narcotics conspiracy charged in Count Five of the Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Six);

WHEREAS, the Indictment included, *inter alia,* a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment, including but not limited to a

sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

WHEREAS, on or about October 30, 2024, the Defendant pled guilty to Counts Two, Three, and Four of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted, *inter alia*, the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $131,000 in United States currency, representing proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $131,000 in United States currency representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendant, Russell Johnson, (the "Co-defendant") and the forfeiture money judgment entered against the Co-defendant in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Matthew Podolsky, Acting United States Attorney, Assistant United States Attorney Matthew J. King, of counsel, and the Defendant and his counsel, Valerie Gotlib, Esq. and Ben Silverman, Esq., that:

1.      As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $131,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his Co-defendant and the forfeiture money judgment entered against the Co-Defendant in this case, shall be entered against the Defendant.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, ELLIS PATILLO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

       7.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.    The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

By:    _Matthew J. King_____    April 10, 2025
    MATTHEW J. KING    DATE
    Assistant United States Attorney
    26 Federal Plaza
    New York, NY 10278
    (212) 637-2384


ELLIS PATILLO

By:    _Elli Patillo Jr._____    4-10-2025
    ELLIS PATILLO    DATE


By:    _____    4/10/2025
    VALERIE GOTLIB, ESQ.
    BEN SILVERMAN, ESQ.    DATE
    Attorneys for Defendant


SO ORDERED:

_____    4/10/25
HONORABLE JESSE M. FURMAN    DATE
UNITED STATES DISTRICT JUDGE